UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES L. SPANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV228 CDP |
| | ) | |
| LORNA BELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Both parties have responded to my earlier order regarding the possibility of appointing an expert witness under Rule 706, Federal Rules of Evidence. The responses convince me that appointment of a Rule 706 expert is not practical at this time, in large part because of the factual disputes regarding what actually happened in this case.

The Court of Appeals remanded this case because it determined that Spann's testimony created genuine disputes of material fact regarding: (1) whether defendant Bell was deliberately indifferent to Spann's serious medical needs when she left him in his cell for three hours after she was aware that he had taken a large dose of mental-health medications prescribed for another inmate; and (2) whether the three-hour delay allowed the medication to fully enter Spann's system, whereas immediate medical attention could have enabled medical staff to

pump Spann's stomach or take other action to remove the medication from Spann's system before it was totally absorbed.

My previous order set out the problems an appointed lawyer would likely encounter in attempting to find an expert witness. Those problems remain, but their resolution may be premature given the serious factual differences about what happened in this case. It is clear that there are factual disputes about the following things, at least: what medications Spann was given; whether defendant Bell insisted he take the medications (plaintiff's version) or whether he refused to give them back, knowingly took some of them when ordered not to do so, and secreted others in his cell (defendant's version); and was he left in his cell unconscious for three hours with no medical treatment (plaintiff's version) or was he seen and treated by medical staff within forty-five minutes (defendant's version). None of these disputes require expert testimony to resolve, although all require a jury trial.

I will therefore grant plaintiff's motions to appoint counsel. I will set a scheduling conference with counsel for both sides, and will discuss with both counsel whether the court should consider a bifurcated trial of some sort. At the conference we will also consider whether appointment of a Rule 706 expert may be appropriate in the future, as well as any ongoing discovery disputes. In any event,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel [#74, 88] are granted, and attorney Joe D. Jacobson, Green and Jacobson, P.C., 7733 Forsyth Boulevard, Suite 700, St. Louis MO 63105, telephone (314)862-6800 is appointed to represent plaintiff in this case.

**IT IS FURTHER ORDERED** that no later than **March 1, 2007** defense counsel shall provide to appointed counsel a copy of all documents discussed in defense counsel's December 4, 2006 response to court order. This production shall be at defendant's expense, and copies must be produced to plaintiff's counsel regardless whether defendants contend plaintiff already received a copy of the documents.

**IT IS FURTHER ORDERED** that a telephone scheduling conference will be held on **Thursday, March 15, 2007 at 2:00 p.m.** In advance of the conference I expect appointed counsel to have conferred with his client to discuss the matters set out in this order and the issues for trial, as well as the issue of whether a bifurcated trial should be considered.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot, without prejudice to the same issues being raised again at a later date, if necessary.

Plaintiff is reminded that this lawyer is appointed for this case only, and is

not required to provide legal advice or representation for any of plaintiff's other cases or on any matters outside the scope of the remand from the Court of Appeals in this case. Plaintiff is also reminded that because counsel has now been appointed, he is not allowed to file pro se papers in this case.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2007.